UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| AMANDA MARY B.[1], <br>     Plaintiff, | Case No. 1:20-cv-1036 <br> Cole, J. <br> Litkovitz, M.J. |
| vs. | |
| COMMISSIONER OF <br> SOCIAL SECURITY, <br>     Defendant. | REPORT AND <br> RECOMMENDATION |

This matter is before the Court on plaintiff's counsel's motion for attorney fees under 42 U.S.C. § 406(b). (Doc. 26). The Commissioner has responded and does not contest counsel's request for fees. (Doc. 28).

On September 7, 2021, following plaintiff's statement of specific errors (Doc. 14) and prior to the Commissioner's response, the District Judge granted the parties' joint motion to remand the case to the Agency for further administrative proceedings. (Doc. 20). Thereafter, the Court granted the parties' joint stipulation for an award of attorney's fees under the Equal Access to Justice Act (EAJA) in the amount of $4,132.00. (Doc. 25).

Plaintiff's counsel has filed a motion for attorney's fees and affidavit, stating he entered into a valid contingency fee agreement with plaintiff to receive as his fee an amount equal to twenty-five percent of the past due benefits awarded to plaintiff and her family if she won her case. (Docs. 26, 27 at PAGEID 1004, ¶3). Counsel further states the total past due benefits for plaintiff are unknown because counsel never received a Notice of Award for plaintiff. (*Id*., at ¶4). However, counsel received an "Important Information" letter dated May 6, 2024, stating the

---

[1] Pursuant to General Order 22-01, due to significant privacy concerns in social security cases, any opinion, order, judgment or other disposition in social security cases in the Southern District of Ohio shall refer to plaintiffs only by their first names and last initials.

Social Security Administration was "withholding the amount of $5,055.50 which represents the balance of 25 balance of the past-due benefits," indicating that plaintiff had been found disabled and awarded past due benefits following the Court's remand. (*Id.*, Ex. B at PAGEID 1010). Counsel requests the Court award him $5,055.50 in attorney's fees under 42 U.S.C. § 406(b)(1). He states upon receipt of those fees, he will refund $4,132.00 in EAJA fees to plaintiff.

The Commissioner has responded to counsel's request for fees. (Doc. 28). He does not object but requests that the Court direct plaintiff's counsel to reimburse plaintiff any fees, in this case $4,132.00, he previously received under the EAJA. (*Id.* at PAGEID 1024).

Pursuant to 42 U.S.C. § 406(b)(1)(A), a court may award a prevailing claimant's attorney a reasonable fee not in excess of 25 percent of past-due benefits recovered by the claimant for work done in a judicial proceeding. 42 U.S.C. § 406(b)(1)(A). *See Horenstein v. Sec'y of H.H.S.*, 35 F.3d 261, 262 (6th Cir. 1994) (en banc) (court may award fees only for work performed before the court, and not before the Social Security Administration). This includes court-related attorney's fees where an award of benefits was made by the Commissioner following a court remand. *See Lane v. Comm'r of Soc. Sec.*, 646 F. App'x 392, 394 (6th Cir. 2016) (citing *Horenstein v. Sec'y of Health & Human Servs.,* 35 F.3d 261, 262 (6th Cir. 1994)). Fees are awarded from past-due benefits withheld from the claimant by the Commissioner and may not exceed 25 percent of the total past-due benefits. *Gisbrecht v. Barnhart*, 535 U.S. 789, 792 (2002).

In determining the reasonableness of fees under § 406(b), the starting point is the contingency fee agreement between the claimant and counsel. *Gisbrecht*, 535 U.S. at 807. When a claimant has entered into a contingency fee agreement entitling counsel to 25 percent of past-due benefits awarded, the Court presumes, subject to rebuttal, that the contract is

reasonable. *Rodriquez v. Bowen*, 865 F.2d 739, 746 (6th Cir. 1989) (en banc). Within the 25 percent boundary, the attorney for the claimant must show that the fee sought is reasonable for the services rendered. *Gisbrecht*, 535 U.S. at 807. The Court should consider factors such as the character of the representation, the results achieved, the amount of time spent on the case, whether the attorney was responsible for any delay, and the attorney's normal hourly billing rate for noncontingent fee cases. *Id.* at 808. *See also Rodriquez*, 865 F.2d at 746. Additionally, the Court should consider instances of improper conduct or ineffectiveness of counsel; whether counsel would enjoy a windfall because of either an inordinately large award or from minimal effort expended; and the degree of difficulty of the case. *Hayes v. Sec'y of H.H.S.*, 923 F.2d 418, 422 (6th Cir. 1990); *Rodriquez*, 865 F.2d at 746. An award of 25 percent of past-due benefits may be appropriate where counsel has overcome legal and factual obstacles to enhance the benefits awarded to the client; in contrast, such an award may not be warranted in a case submitted on boilerplate pleadings with no apparent legal research. *Rodriquez*, 865 F.2d at 747.

An award of fees under § 406(b) is not improper merely because it results in an above-average hourly rate. *Royzer v. Sec'y of H.H.S.*, 900 F.2d 981, 981-82 (6th Cir. 1990). As the Sixth Circuit has determined:

> It is not at all unusual for contingent fees to translate into large hourly rates if the rate is computed as the trial judge has computed it here [by dividing the hours worked into the amount of the requested fee]. In assessing the reasonableness of a contingent fee award, we cannot ignore the fact that the attorney will not prevail every time. The hourly rate in the next contingent fee case will be zero, unless benefits are awarded. Contingent fees generally overcompensate in some cases and undercompensate in others. It is the nature of the beast.

*Id*. "[A] hypothetical hourly rate that is less than twice the standard rate is *per se* reasonable, and a hypothetical hourly rate that is equal to or greater than twice the standard rate may well be

3

reasonable." *Hayes*, 923 F.2d at 422. *See also Lasley v. Comm'r of Soc. Sec.*, 771 F.3d 308, 309 (6th Cir. 2014).

Here, the requested fee of $5,055.50 falls within the 25 percent boundary. Thus, the issue is whether the requested fee is reasonable. *Gisbrecht*, 535 U.S. at 807.

In support of his motion, plaintiff's counsel has submitted his affidavit (Doc. 27); the "Important Information" letter he received from the Social Security Administration, stating it is withholding $5,055.50 from plaintiff's award for attorney's fees (*id.* at PAGEID 1010, Exh. 2); a copy of the contingency fee agreement he entered into with plaintiff (*id.* at PAGEID 1007-08, Exh. 1); an itemized billing sheet showing all professional billing by counsel and his staff (*id.* at PAGEID 1012-13, Exh. 3); an itemized billing sheet showing counsel for plaintiff performed a total of 18.60 hours of work on the above-captioned case in this Court (*id.* at PAGEID 1016-18, Exh. 4); and an itemized billing sheet showing a total of 6.3 hours of paralegal time spent on this case. (*Id.* at PAGEID 1020, Exh. 5).

Counsel states if the paralegal time is billed at $80.00 per hour and deducted, the effectively hourly attorney is $244.70. (Doc. 27 at PAGEID 1004).[2] Counsel asserts this is a reasonable fee.

Plaintiff's counsel did not provide his standard hourly rate. In the absence of counsel's standard hourly rate, judges within this district have assessed whether the hypothetical hourly rate falls within a range of rates previously found reasonable. *See, e.g., Lee v. Comm'r of Soc. Sec.*, No. 3:14-cv-291, 2018 WL 2999909, at *4 (S.D. Ohio June 15, 2018) (Rice, D.J.). Counsel's hypothetical hourly rate of $244.70 is below the range of fees that judges in this

---

[2] The Court may consider separately billed paralegal time in assessing the reasonableness of an attorney fee request. *See Hayes*, 923 F.2d at 422 n.5 ("If time other than attorney time is separately recorded and submitted, this fact can be taken into account in assessing the correct 'standard' rate.").

district have found reasonable. *See Goffe v. Comm'r of Soc. Sec.*, No. 3:18-cv-115, 2021 WL 4901503, at *2 n.1 (S.D. Ohio Oct. 21, 2021) (Ovington, M.J.) (finding a $511.01, $660.70, $681.82, or $763.36 hypothetical hourly rate to all be reasonable); *Kleisinger v. Comm'r of Soc. Sec.*, No. 1:15-cv-134, 2020 WL 2838510, at *2 (S.D. Ohio June 1, 2020) (Black, D.J.) (finding $788.16 hypothetical hourly rate reasonable). Moreover, the time devoted by plaintiff's counsel to this matter is likewise reasonable. *See, e.g.*, *Spiller v. Comm'r of Soc. Sec.*, 940 F. Supp. 2d 647, 652 (S.D. Ohio 2013) (Newman, M.J.), *report and recommendation adopted*, 940 F. Supp. 2d 647 (S.D. Ohio 2013) (Rice, D.J.) ("Without establishing a firm, bright line rule, the Court surveyed a large number of EAJA fees/costs petitions recently filed in this District, and found the general range of time expended on these cases is 15-25 hours."). Counsel's requested fee is therefore reasonable.

In determining whether plaintiff's counsel "would enjoy a windfall because of either an inordinately large benefit or from minimal effort expended," *Hayes*, 923 F.2d at 420-21 (quoting *Rodriquez*, 865 F.2d at 746), the Court notes that "a windfall can never occur when, in a case where a contingent fee contract exists, the hypothetical hourly rate determined by dividing the number of hours worked for the claimant into the amount of the fee permitted under the contract is less than twice the standard rate for such work in the relevant market." *Id.* at 422. As the Sixth Circuit explained in *Hayes*:

> [A] multiplier of 2 is appropriate as a floor in light of indications that social security attorneys are successful in approximately 50% of the cases they file in the courts. Without a multiplier, a strict hourly rate limitation would insure that social security attorneys would not, averaged over many cases, be compensated adequately.
> . . . .
>
> A calculation of a hypothetical hourly rate that is twice the standard rate is a starting point for conducting the *Rodriquez* analysis. It provides a floor, below which a district court has no basis for questioning, under the second part of *Rodriquez*'s windfall rule for "minimal effort expended," the reasonableness of the fee.

5

*Id*.

The Commissioner does not oppose the fee request. (Doc. 28). In response, the Commissioner only requests the Court direct plaintiff's counsel to reimburse plaintiff any fees, in this case $4,132.00, he previously received under the EAJA. (*Id*. at PAGEID 1024). Counsel may not recover attorney fees under both the EAJA and 42 U.S.C. § 406(b) for the same work. Therefore, plaintiff's counsel must return to plaintiff the previously awarded EAJA fees in the amount of $4,132.00. *See Gisbrecht v. Barnhart*, 535 U.S. 789, 796 (2002).

Having reviewed plaintiff's counsel's § 406(b) fee request in light of these considerations, the Court finds that a fee of $5,550.50 is reasonable for the work plaintiff's counsel performed in this Court on the above-captioned case. Plaintiff's counsel has acknowledged that any award of fees under § 406(b) must be offset by the previous award of EAJA fees in the amount of $4,132.00 (*see* Doc. 25 at PAGEID 1000).

## IT IS THEREFORE RECOMMENDED THAT:

1. Plaintiff's counsel's motion for attorney's fees (Doc. 26) be **GRANTED** in the amount of $5,550.50 under 42 U.S.C. § 406(b); and

2. Plaintiff's counsel be **ORDERED** to remit $4,132.00 of this sum directly to plaintiff upon receipt.

Date: 7/9/2024

Karen L. Litkovitz
Chief United States Magistrate Judge

6

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

AMANDA MARY B.,  
    Plaintiff,

Case No. 1:20-cv-1036  
Cole, J.  
Litkovitz, M.J.

vs.

COMMISSIONER OF  
SOCIAL SECURITY,  
    Defendant.

## NOTICE

Pursuant to Fed. R. Civ. P. 72(b), **WITHIN 14 DAYS** after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. This period may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendation is based in whole or in part upon matters occurring on the record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon, or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections **WITHIN 14 DAYS** after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).